**UNGERLEIDER et al. v. KORTH.**

**Civ. No. 1910.**

United States District Court
D. Utah, Central Division.

June 28, 1951.

O. A. Tangren, Salt Lake City, Utah, for plaintiff.

Bryant H. Croft, Salt Lake City, Utah, for defendant.

RITTER, District Judge.

This matter coming on regularly for hearing before the Court on January 31, 1951, on plaintiffs' petition for injunction and pursuant to the Court's order to show cause why an injunction should not be granted, and the Court having heard evidence and arguments of counsel and being fully advised, and the matter having been submitted and the petition of the plaintiffs having been denied;

Now therefore, in support of its ruling on said petition the Court now makes and enters the following Findings of Fact and Conclusions of Law.

Findings of Fact.

The Court finds:

1. That plaintiffs are the owners, makers and distributors of a certain admission ticket, known as "Snooproof", which was designed for use as an admission ticket and especially for use as an admission ticket

for theaters, and that plaintiffs have the exclusive right to make, manufacture and distribute such tickets and have spent a considerable amount of money in promoting the same.

2. That the said ticket was so designed that the serial number appeared upon the lower part of the ticket, which lower part was separated from the main portion of the ticket by a perforated line, and which lower part was separated from the upper or main portion of the ticket by the dispensing machine or ticket seller when sold, so that that portion of the ticket which was given to the purchaser of the admission ticket contained no serial number and that part of the ticket on which the serial number was printed remained in the dispensing machine or in possession of the ticket seller if no dispensing machine was used.

3. That on or about September 1, 1950, A. George Kato, Deputy Collector of the Bureau of Internal Revenue, District of Utah, advised the manager of the Roy Theater, Roy, Utah, which theater is operated by the Hawk Theaters that the said "Snooproof" ticket did not meet the requirements of the rules and regulations issued by the Bureau of Internal Revenue concerning admission tickets and that the said Roy theater must discontinue their use; that thereafter Hal Hawk of Hawk Theaters, Salt Lake City, Utah, contacted J. V. Fennell, Chief Field Deputy, Bureau of Internal Revenue at Salt Lake City, Utah, on September 1, 1950 at which time Hawk was advised by J. V. Fennell that the Commissioner of Internal Revenue had ruled that such admission ticket did not meet the requirements of the rules and regulations issued by the Bureau of Internal Revenue, and, therefore, could not be used; that such order to cease using the said "Snooproof" tickets was legally and lawfully made and within the authority of the said defendant.

4. That said ticket does not meet every requirement of the Internal Revenue Code and the rules and regulations of the Treasury Department of the United States with respect to admission tickets, and more particularly, the said ticket does not meet the requirements of Sections 101.17 and 101.18 of Regulation 43 (1941 Edition) relating to "Taxes on Admissions, Dues and Initiation Fees under Chapter 10 of the Internal Revenue Code", in that said sections of Regulation 43 require that a ticket of admission which is sold and given to a customer must show either the date for which it is valid or must be serially numbered and further that no person shall be admitted to any place admission to which is taxable, and which uses cards or tickets, except upon the presentation of a card or ticket which bears such date or serial number, and that in the use of the said "Snooproof" ticket, that portion of the ticket furnished to the customer does not bear either a serial number or date for which valid as is required, as aforesaid; that said Regulation 43 was issued by the U. S. Treasury Department as authorized by Sections 1719 and 3791 of the Internal Revenue Code, 26 U.S.C.A. §§ 1719, 3791.

5. That the use of serially numbered tickets of admission as a means of collecting taxes on admissions is a reasonable and helpful method of securing a prompt and complete collection of the tax and is authorized by Section 1719 of the Internal Revenue Code, and the requirement that such serially numbered tickets be used is not invalid, unwarranted, capricious or against the spirit and intention of the Internal Revenue Code.

### Conclusions of Law.

Wherefore, based upon these findings, the Court concludes:

1. That the use of the said "Snooproof" type of ticket fails to meet the requirements of Regulation 43 (1941 Edition) issued by the United States Treasury Department in that that portion of said ticket given to a purchaser desiring admission and which must be presented by such person to gain admission does not bear the serial number of such ticket.

2. That the order of the defendant to cease and desist in the use of the said "Snooproof" was legally and lawfully made.

3. That the plaintiffs are not entitled to an injunction or restraining order against the defendant.